# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**PEGGY CHAISSON**             **CIVIL CASE NO.: 2:22-CV-1613**

**VERSUS**

**STATE FARM FIRE AND CASUALTY COMPANY**         **SECTION: _____**

## COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

NOW INTO COURT through undersigned counsel comes Peggy Chaisson ("Plaintiff"), who respectfully represents:

1.

Made Defendant herein:

STATE FARM FIRE AND CASUALTY COMPANY ("State Farm"), a foreign insurance corporation authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809.

## JURISDICTIONAL ALLEGATIONS

2.

The Court has diversity jurisdiction over this matter in accordance with 28 U.S.C. § 1332.

3.

The Plaintiff is a citizen of the State of Louisiana. On information and belief, State Farm is a corporation formed and headquartered in the State of Illinois. Complete diversity between the parties exists.

4.

The amount in controversy exceeds $75,000.00.

5.

State Farm issued the policy of insurance upon which this suit is based to the Plaintiff, insuring her property located at 10 Kingsridge Loop Houma, LA 70363. This Court has personal jurisdiction over State Farm.

## CAUSES OF ACTION

6.

State Farm insured the Plaintiff under Policy No. 18-16-9522-0, which was in full force and effect on August 29, 2021.

7.

The Plaintiff's home suffered damage and diminution in value as a result of Hurricane Ida on August 29, 2021.

8.

On or about December 29, 2021, State Farm adjusted Plaintiff's damage to the home from Hurricane Ida to be $18,313.59 after Plaintiff's deductible and recoverable depreciation. This estimate did not, however, account for the total damage to the Plaintiff's insured property.

9.

State Farm's adjustment of Plaintiff's Ida claim is unreasonably low and unrealistic and gave Plaintiff no opportunity to conduct the needed repairs caused by the storms.

10.

Plaintiff provided State Farm, by Fedex, with an estimate from a private adjustor, GLS & Associates, to repair the damages to her home from Ida in the amount of $146,296.44. State Farm received Plaintiff's estimate on May 2, 2022. State Farm has never acknowledged this estimate or proof of loss, or responded in any way.

11.

State Farm had satisfactory proof of loss upon its initial inspections of the premises, yet it unreasonably withheld an accurate and defensible accounting of the full extent of the damages caused by the storms. Meanwhile, Plaintiff awaits sufficient funds from State Farm to repair her home to its pre-storm condition. Her home continues to deteriorate each and every day, while the costs of labor and materials have increased sharply.

12.

La. R.S. 22:1892 obligates an insurer to make a written offer to settle a property damage claim "within 30 days after receipt of satisfactory proof of loss of that claim." In addition, La. R.S. 22:1973 states that "failing to pay an insured's claim within sixty (60) days after receipt of satisfactory proof of loss constitutes a breach of the insurer's duty of good faith and fair dealing, when the failure is arbitrary, capricious, or without probable cause." State Farm has violated both of these statutory obligations and duties in its dealings with the Plaintiff.

13.

La. R.S. 22:1973 identifies certain acts which constitute a breach of the insurer's general duty of good faith and fair dealing to the insured. An insurer like State Farm is prohibited from "misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue." State Farm has misrepresented pertinent facts and insurance policy provisions in its dealings with the Plaintiff by representing that the original estimate was a fair estimate of the damages and by withholding an accurate and defensible accounting of the full extent of the Plaintiff's damages. State Farm had satisfactory proof of loss upon its initial inspections of the premises, yet unreasonably withheld an accurate and defensible accounting of the full extent of the damages caused by the storms.

14.

State Farm has failed to make a written offer to settle the full extent of the Plaintiff's property damage claim within thirty (30) days after receipt of satisfactory proof of loss of the claim, thus making State Farm liable to the Plaintiffs for penalties, attorney's fees and costs under La. R.S. 22:1892.

15.

State Farm's failure to fairly and promptly adjust the full extent of the Plaintiff's claim has caused her to suffer contractual and extra-contractual damages including but not limited to the additional living expenses, additional time delays, additional deterioration to her home that has occurred while waiting for State Farm to fairly pay her insurance claims, along with the grief, mental anguish, and worry over the uncertainty of whether she would have the funds necessary to repair her hurricane-damaged home to its pre-storm condition. As a result of those and other associated damages caused by State Farm's dilatory tactics and delays, the Plaintiff is also owed her attorney's fees and costs.

16.

State Farm knew or should have known that its failure to timely pay the Plaintiff's insurance claims prevented her from living in and repairing her home, and it should have known that its failure to pay the Plaintiff's claim would cause her grief, mental anguish, and worry.

17.

WHEREFORE, PEGGY CHAISSON prays that there be judgment in her favor against STATE FARM FIRE AND CASUALTY COMPANY as follows:

(1) Finding State Farm liable to the Plaintiff for statutory penalties, contractual and extra-contractual damages, attorney's fees, and costs under La. R.S. 22:1892 and/or 22:1973, and awarding her the same;

(2) Awarding the Plaintiff general damages caused by State Farm's breach of its duty of good faith and fair dealing;

(3) For specific damages and general damages, including but not limited to diminution in value, penalties and attorney's fees, all costs of these proceedings, and interest from date of judicial demand until paid; and

(4) For any and all other relief that is justified under law and equity.

Respectfully submitted,

DEJEAN & NOLAND LAW OFFICE, LLC

/s/ Erik R. Noland
Erik R. Noland (#37245)
FELIX "ANDY" DEJEAN IV (#25028)
604 St Ferdinand St.
Baton Rouge, LA 70802
(225) 344-2639 - Telephone
(225) 346-5252 – Facsimile
erik@dejeannoland.com
andy@dejeannoland.com
*Attorneys for Peggy Chaisson*

**SERVICE INSTRUCTIONS:**

**State Farm Fire and Casualty Company**
Through its Agent for Service of Process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809