UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PEGGY CHAISSON**                          **CIVIL CASE NO.: 2:22-cv-1613**

**VERSUS**

**STATE FARM FIRE AND**                 **SECTION: I (3)**
**CASUALTY COMPANY**

## PLAINTIFF'S ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANT, STATE FARM FIRE AND CASUALTY COMPANY

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **PEGGY CHAISSON**, who answers the following Interrogatories propounded to her herein by Defendant, State Farm Fire and Casualty Company, under oath, and in accordance with the Federal Rules of Civil Procedure, as follows:

### INTERROGATORY AND REQUEST FOR PRODUCTION NO 1:

Please identify yourself fully, giving your present full name, any name you have used in the past, any aliases or nicknames, home address, home phone number, date of birth, present occupation, present employer, work phone number, marital status, driver's license number, and Social Security number. Please produce all documents that you possess, control or have access to which supports your answer to this Interrogatory and Request, including any and all documents that were electronically written and/or stored.

### ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 1:

| | |
|---|---|
| Name: | Peggy L. Chaisson |
| Address: | 10 Kingsbridge Loop, Houma, LA 70363-3817 |
| Phone: | (985) 991-7145 |
| DOB: | 2/16/1955 |

| Present Occupation: | Retired December 31, 2021 |
| Present Employer: | N/A |
| Work Phone Number: | N/A |
| Marital Status: | Domestic Partnership |
| Driver's License No.: | #003806978 |
| Social Security No.: | 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 |

Please see attached copy of Plaintiff's driver's license as Response to RFP No. 1.

## INTERROGATORY AND REQUEST FOR PRODUCTION NO 2:

Please list each employer and/or source of income you have had for the five (5) years prior to August 29, 2021 and through today, stating the full name, address and phone number of each employer, your supervisor(s) at each job, the monthly wages paid to you by the employer, the date on which said employment was terminated and the reason for termination. Please produce all documents that you possess, control or have access to which supports your answer to this Interrogatory and Request, including any and all documents that were electronically written and/or stored.

## ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 2:

Terrebonne Parish Consolidated Government
Planning and Zoning Department
8026 Main Street
Houma, LA 70360
Director: Chris Pulaski
985-873-6569
$1,571.20 per month

Eddie Pullaro
Attorney at Law
1054 West Tunnel Boulevard
Houma, LA 70360
985-868-3500
$225.00 per month to clean offices

Please see attached Response to RFP No. 2 for copies of Plaintiff's W-2 forms, 1099s for 2017 through 2021, and Social Security information for Plaintiff's recent retirement.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 3:**

Please list each educational institution you have attended, including high school, by identifying the name of the institution, address, phone number, dates of attendance, degrees and/or certifications sought and degrees and/or certifications received from these respective institutions.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 3:**

South Terrebonne High School
3879 Highway 24
Bourg, LA 70343
985-303-4834
1969-1973
Received High School Diploma on May 28, 1973

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 4:**

Have you been involved in any incident(s) or claims similar to the incident(s) or claim asserted in this matter herein, (including but not limited to, hailstorm, hurricanes, freezes, tornados, floods, etc.) or any other incident(s) or claims against an insurance company within the past ten (10) years, before August 29, 2021 and through today?  If yes, please state the date of the incident(s), a description of the incident(s) and a description of any damages you suffered.  Please produce all documents that you possess, control or have access to which supports your answer to this Interrogatory and Request, including any and all documents that were electronically written and/or stored.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 4:**

No.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 5:**

If you sustained any damages as a result of or related to the Storm, please list and describe those damages/injuries, indicating:

   a)  When you first became aware of the damage;

   b)  Whether any of the damages listed above persist, and if not, when those damages were repaired; and

   c)  What steps you took to mitigate your damages; and

Please produce all documents that you possess, control or have access to which supports your answer to this Interrogatory and Request, including any and all documents that were electronically written and/or stored.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 5:**

   a)  August 29, 2021

   b)  Refer to GLS Report attached hereto as Response to RFP 6(A).  The only repairs made have been to the roof by Aspen Contracting.

   c)  Covered roof with tarp due to hole and leaks.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO 6:**

Please state the full names, addresses, and areas of specialty of all contractors, roofers, painters, gutter specialists, or other persons who have examined the damages you claim you received in the Storm, including the dates and the nature of the inspections.  Please produce all documents that you possess, control or have access to which supports your answer to this Interrogatory and Request, including any and all documents that were electronically written and/or stored.

## ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 6:

Gary Sanders, Independent Adjuster
GLS & Associates, LLC
16515 RR 12, Suite 416
Wimberley, TX 78676

See Response to RFP 6(A) attached hereto for GLS Report

Ranny L. Fitch
RL Renovations Texas
Katy, TX 77494
(832) 841-5313

See Response to RFP 6(B) attached hereto - 10/16/22 Work Agreement

Chris Jones, General Contractor
In Touch Services, Inc.
P. O. Box 164
Houma, LA 70361

See Response to RFP 6(C) attached hereto - Work Proposal

Aspen Contracting, Inc., Roofer
501 Louisiana Avenue
Baton Rouge, LA 70802

See Response to RFP 6(D) attached hereto – Roof Warranty & Work Agreement

## INTERROGATORY AND REQUEST FOR PRODUCTION NO 7:

Please itemize each charge for the costs/expenses, if any, you claim you have incurred, or which has been incurred on your behalf, as a result of the Storm. Please state whether these expenses have been paid or are still outstanding. If the costs/expenses have been paid, give the full name and address of the party(ies) who paid these costs/expenses. If they have not been paid, have you, your attorney, or anyone on your behalf guaranteed payment of these costs/expenses. Please produce all documents that you possess, control or have access to which supports your answer to this Interrogatory and Request, including any and all documents that were electronically written and/or stored.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 7:**

| | |
|---|---|
| GLS & Associates, Independent Adjuster<br>(Please see Response to RFP 6(A) for Report) | $ 1,462.96 |
| Generator, Gas and Circuit Breaker<br>(Receipts for Generator, Gas and Circuit Breaker<br>attached as Response to RFP No. 7) | $ 1,517.59 |
| Aspen Contracting, Roofer<br>(Work Agreement attached as Response to RFP No. 6(D)) | $18,918.75 |

All of the above have been paid.  State Farm paid $16,918.75 toward the roof and Plaintiff paid the remainder of $2,000 as deductible.

Plaintiffs were out of electricity for several months after the storm and paid for their take-out and restaurant food with cash, but did not keep receipts.  Plaintiffs cannot afford to complete the needed repairs.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO 8:**

Please describe what further repairs/costs/expenses you are contemplating or have been recommended by anyone as a result of the Storm, if any, including for each, the full name, address, and area of specialty of each contractor, roofer, painter, gutter specialist, or other persons who recommended each repair/cost/expense, the date you anticipate performing each repair or incurring each cost/expense. Please produce all documents that you possess, control or have access to which supports your answer to this Interrogatory and Request, including any and all documents that were electronically written and/or stored.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 8:**

Please see the GSL Report attached hereto as Response to RFP 6(A) as well as proposals labeled Responses to RFP 6(B) and 6(C) for some of the repairs needed.   Plaintiffs do not have enough money to repair the property to its original condition.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 9:**

To the extent not previously disclosed herein, please identify any other damages which you contend that you sustained as a result of the Storm or as a result of any conduct by State Farm and please produce any and all documents that you possess, control or have access to which supports your answer to this Interrogatory and Request, including any and all documents that were electronically written and/or stored.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 10:**

Other than those set forth herein as in the Petition for Damages, Plaintiff knows of no other damages at this time but reserves her right to supplement and/or amend her answer to this Interrogatory and Request for Production at any time prior to trial or as ordered by the Court.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 10:**

Please list the full name, any aliases and/or nicknames, home address, home phone number, date of birth, present occupation, present employer, work phone number, work address, marital status, driver's license (if available), Social Security number (if available), cell phone number and cell phone provider of any and all persons known to you, your attorney, your expert or someone employed by you to have been a witness to or who have information relevant to the Storm complained of herein.

Have you spoken with any of these people about the Storm? If yes, when did you speak with these witnesses and what specifically did you talk about.

Please produce all documents that you possess, control or have access to which supports your answer to this Interrogatory and Request, including any and all documents that were electronically written and/or stored.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 10:**

Plaintiff objects to this Interrogatory and Request for Production as the information requested is overly broad and unduly burdensome.  Subject to said objection, Plaintiff provides the following witnesses to the damage caused by Hurricane Ida:

Peggy Chaisson
10 Kingsridge Loop
Houma, LA 70363
(985) 991-7145

Larry Fitch
10 Kingsridge Loop
Houma, LA 70363
(985) 209-8426

Ranny Fitch
Katy, TX 77494
(832) 841-5313

Gary Sanders
GLS & Associates, LLC
16515 RR 12, Suite 416
Wimberley, TX 78676
(972) 532-2886

Chris Erny
Attorney at Law
302 School Street
Houma, LA 70360
(985) 209-1365

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 11:**

Please describe, in your own words and in specific detail, the events which led up to and resulted in the damages complained of in the above-captioned suit, including any and all details regarding your allegations that you submitted satisfactory proof of loss to State Farm and that State Farm has acted in bad faith and/or in violation of any duty owed.  Please produce all documents

that you possess, control or have access to which support your answer to this Interrogatory and Request, including any and all documents that were electronically written or stored.

## ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 11:

"We began having tropical storm force winds the day prior to the storm. As the winds increased and the rain began, leaves from the trees began flying, and branches broke off. At approximately 1:30 p.m. on the day of the storm, the winds drastically increased causing shingles to come off the roof and the electricity went off right before noon. For no less than five (5) hours, we sustained maximum force winds no lower than 150 mph. Metal was flying, shingles ripped off, vehicles were shaking violently, fencing flying, windows breaking, the house was pulsating, windows rattling, and we heard sounds of the roof being pulled off. It was nothing short of what Dorothy and her family experienced in The Wizard of Oz."

Please see Plaintiff's Petition for Damages for details regarding Plaintiff's allegations that State Farm acted in bad faith and was in violation of its duties to Plaintiff. In Summary, State Farm's adjustment of Plaintiff's claim of December 29, 2021, was unreasonably low and did not cover all the damages Plaintiff's home sustained as a result of the storm. Plaintiff provided State Farm with estimates from an independent adjuster, GLS & Associates, LLC, and proof of loss, which included losses for their dwelling, other structures, personal property, and loss of use.

State Farm acted in bad faith under La. R.S. 22:1973 by misrepresenting pertinent facts and insurance policy provisions in its dealings with Plaintiff by withholding an accurate and defensible accounting of the full extent of Plaintiff's damages to her home. State Farm had satisfactory proof of loss upon its initial inspection of the premises, but unreasonably withheld an accurate accounting of the full extent of the damages caused by the storm.

State Farm also violated the provisions of La. R.S. 22:1892 which obligates an insurer to make a written offer to settle a property damage claim within thirty (30) days after receipt of satisfactory proof of loss of that claim. La. R.S. 22:1973 also provides that failing to pay an insured's claim within sixty (60) days after receipt of satisfactory proof of loss constitutes a breach of the insurer's general duty of good faith and fair dealing to the insured. State Farm violated both of these statutory obligations to their insured.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 12:**

Please state the full names, aliases and/or nicknames, home address, home phone number, work address, work phone number, date of birth, driver's license number, Social Security number, cell phone number and/or cell phone provider for all persons interviewed in this matter by you or anyone on your behalf. Please state the date that these people were interviewed, whether they gave a statement to you or anyone on your behalf. Please produce all documents that you possess, control or have access to which support your answer to this Interrogatory and Request, including any and all documents that were electronically written or stored.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 12:**

Plaintiff objects to this Interrogatory and Request for Production as the information requested is overly broad and unduly burdensome. Subject to said objection, Plaintiff provides that she had not conducted interviews of anyone regarding this matter.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 13:**

Please list the full names, addresses and phone numbers of all persons you and/or your attorney may call as a lay or expert witness at the trial of this case, and describe the subject matter of his or her expected testimony, the area in which you claim an expert is an expert, and the qualifications which you claim establish expertise.

If any of the witnesses listed in your answer to this Interrogatory are nonmedical experts, please: (a) state his opinion, (b) state all facts relied on by him to reach his opinion, (c) state the calculations used to reach his opinion, (d) produce a copy of his report, (e) produce a copy of his entire file including, but not limited to, all correspondence between the expert and anyone (including plaintiff and plaintiff's attorney), notes from corrections, calculations, working diagram, photographs, videotapes, charts, etc. (if there are any contents of the expert's file that you refuse to produce, please specifically identify them with enough particularity so that a Motion to Compel Production can be filed to obtain these documents not produced). Please produce all documents that you possess, control or have access to which support your answer to this Interrogatory and Request, including any and all documents that were electronically written or stored.

## **ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 13:**

Plaintiff objects to this Interrogatory and Request for Production as the information requested is premature. Reserving Plaintiff's right to said objection, Plaintiff provides the following expert information and attaches his report as Response to RFP No. 6(A) and resume as Response to RFP No. 13:

Gary Sanders
GLS & Associates, LLC
16515 RR 12, Suite 416
Wimberley, TX 78676
(972) 532-2886
Independent Adjuster who adjusted Plaintiffs' claims

Plaintiff reserves her right to supplement and/or amend her answer to this Interrogatory and Request for Production of Documents at any time prior to trial or as ordered by the Court.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 14:**

Please list, describe and produce all exhibits, photographs, and/or other documentary evidence or demonstrative evidence which you or your attorney may introduce or utilize at the trial of this case. Please produce all documents that you possess, control or have access to which support your answer to this Interrogatory and Request, including any and all documents that were electronically written or stored.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 14:**

Plaintiff objects to this Interrogatory and Request for Production as the information requested is premature. Plaintiff reserves her right to supplement and/or amend her answer to this Interrogatory and Request for Production of Documents at any time prior to trial or as ordered by the Court.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 15:**

Other than this lawsuit, have you (or anyone on your behalf) ever made a claim for property damage and/or personal injury or illness or any type of monetary damages, including, but not limited to, filing a lawsuit, filing a claim with an insurance company, and filing a claim with a commissioner or other governmental agency? If so, for each such claim, please describe the nature of the injury or damage involved and the date it occurred; the full name and address of the person, company, court, agency, etc., with whom the claim was made, the date the claim was made or first asserted; and the results of the claim, including any settlement or compromise.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 15:**

No.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 16:**

Do you carry any other insurance that may provide coverage for the damages you claim regarding the Storm that are the basis of this lawsuit?

If the answer is yes, give the full policy number, of each insurer and the amount of payments made to you by insurer(s), the reasons same were made to you, together with a statement of the circumstances under which the payments were made. Please produce all documents that you possess, control or have access to which support your answer to this Interrogatory and Request, including any and all documents that were electronically written and/or stored.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 16:**

No.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 17:**

Please state the following:

(a)     The damages sought in this action by you;

(b)     The duration of any damages for which damages are sought in this case by you;

(c)     The specific monetary amount of damages sought in this case by you.

Please produce all documents that you possess, control or have access to which support your answer to this Interrogatory and Request, including any and all documents that were electronically written or stored.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 17:**

| (a) Coverage A | $124,419.25 | Estimate |
|---|---|---|
| | ($10,280.34) | Less Payments |
| | ($6,104.54) | |
| | ($2,624.00) | Less Deductible |
| | | |
| | $115,690.71 | |

| | | |
|---|---|---|
| Other Structure | $3,592.21 | Estimate |
| | ($1,928.71) | Less Payments |
| | $1,663.50 | |
| Coverage B | $3,695.70 | Estimate |
| | ($0.00) | Less Payments |
| | $3,695.70 | |
| Coverage C | $14,589.28 | Estimate |
| | ($0.00) | Less Payments |
| | $14,589.28 | |

| | |
|---|---|
| Total Remaining Contractual Damages: | $135,639.19 |
| Penalties (50%) | $67,819.60 |
| Attorney Fees: | $67,812.81 |
| Costs: | $4,172.00 |
| **Total Owed:** | **$275,443.60** |

(b) The duration of the damages will be as long as it takes to repair the Plaintiff's property.

(c) Please see (a) above.

Please see Response to RFP No. 6(A) for Report of GLS & Associates, LLC.

Plaintiff reserves her right to supplement and/or amend her answer to this Interrogatory and Request for Production of Documents at any time prior to trial or as ordered by the Court as costs and attorney's fees will change as this case moves forward.

## INTERROGATORY AND REQUEST FOR PRODUCTION NO. 18:

Please state the date you purchased and/or constructed the Building and whether you still own the Building. Please also identify all mortgage(s) holders on said Building, the account number for each mortgage, the balances of said mortgages, an accounting of the escrow for each mortgage documenting money to and from the mortgagor and the dates of the deposits and disbursements, and whether you have been and are presently current on the mortgage payments. If

you do not still own the Building, please also identify the date of sale and to whom you sold the Building. Please produce all documents that you possess, control or have access to which support your answer to this Interrogatory and Request, including any and all documents that were electronically written or stored.

## ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 18:

| | |
|---|---|
| Date of Purchase: | 9/26/90 |
| Mortgagor | J.P. Chase Morgan<br>573 Grand Caillou Road<br>Houma, LA 70363<br>Phone: (985) 876-0778 |
| Balance: | $61,845.88 with payments due on the 5th of every month |

## INTERROGATORY AND REQUEST FOR PRODUCTION NO. 19:

Please list and describe any estimates for repairs, improvements and/or maintenance contemplated and/or performed on the Building, for the ten (10) years prior to August 29, 2021. Please produce all documents that you possess, control or have access to which support your answer to this Interrogatory and Request, including any and all documents that were electronically written or stored.

## ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 19:

In 2009, the Plaintiff's home was remodeled and a new roof installed. Plaintiff is no longer in possession of documentation from those repairs/modifications made in 2009.

## INTERROGATORY AND REQUEST FOR PRODUCTION NO. 20

Please list and described any estimates for repairs, improvements and/or maintenance contemplated and/or performed on the Building after August 29, 2021 through today. Please produce all documents that you possess, control or have access to which support your answer to

this Interrogatory and Request, including any and all documents that were electronically written

or stored.

## ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 20:

Aspen Contracting, Inc.
501 Louisiana Avenue
Baton Rouge, LA 70802
Replaced the damaged roof as a result of Hurricane Ida
Cost of Repairs: $18,918.75


In Touch Services, Inc.
P. O. Box 164
Houma, LA 70361
Stucco Repair and replacement
Proposal: $6,900.00

RL Renovations – Texas
Katy, TX 77494
Carpentry work to repair and replace due to water damage
Proposal: $89,400.00

Please see attached Response to RFP 6(B), 6(C) and 6(D).

## INTERROGATORY AND REQUEST FOR PRODUCTION NO. 21:

Please list and describe which repairs, improvements and/or maintenance that were

contemplated and/or needed and were not performed on the Building, for the ten (10) years prior

to August 29, 2021. Please produce all documents that you possess, control or have access to

which support your answer to this Interrogatory and Request, including any and all documents that

were electronically written or stored.

## ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 21:

None other than routine maintenance.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 22:**

Please list and describe which repairs, improvements and/or maintenance that were contemplated and/or needed and were not performed on the Building, after August 29, 2021 through today. Please produce all documents that you possess, control or have access to which support your answer to this Interrogatory and Request, including any and all documents that were electronically written or stored.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 22:**

Please see Plaintiff's Answer to Interrogatory and Request for Production No. 20 hereinabove.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 23:**

Were any photographs and/or videotapes taken of the Building from five (5) years before Hurricane Ida made landfall on or about August 29, 2021 through today? If your answer is yes, please describe each picture and/or videotape, who took the photographs and/or videotapes, the dates the photographs and/or videos were taken and/or obtained, and who current has possession of the photographs and/or videotapes. Please produce all documents, videos, and photos that you possess, control or have access to which support your answer to this Interrogatory and Request, including any and all documents that were electronically written or stored.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 23:**

None in Plaintiff's possession.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 24:**

Please provide the name, address and telephone number of any and all real estate agents, home inspectors, title companies, engineers, contractor, remediation enterprise, subcontractors, plumbers, electricians, inspector (including but not limited to any parish, city and/or state

inspector) and/or repairer that you or anyone on your behalf have communicated with regarding any issue in this lawsuit. Please produce all documents that you possess, control or have access to which support your answer to this Interrogatory and Request, including any and all document that were electronically written or stored.

## ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 24:

None in Plaintiff's possession.

## INTERROGATORY AND REQUEST FOR PRODUCTION NO. 25:

If you have not yet made any repairs to damage at the Building that you contend was sustained in the Storm, please advise what repairs are still pending and why the repairs have not yet been made. If repairs have not yet been made, please advise as to whether the Building has been secured to prevent any further damage, and advise the date that the Building were secured and the name and address of the person or entity that secured the Building. Please produce all documents that you possess, control or have access to which support your answer to this Interrogatory and Request, including any and all documents that were electronically written or stored.

## ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 25:

R.L. Renovations

In Touch Services

Carpentry work, water damage to lights, stucco work, storm door that needs to be replaced or repaired, siding needs to be replaced and the double pane window that was shattered in the storm remain to be repaired and/or replaced. The lights in carport stopped working after the storm. The insulation in the attic and under the plywood received water damage from the storm. The wind turbine was torn off during the storm.

Plaintiff put tarp on the roof after the storm to protect from further damage to her home.

Please see Plaintiff's Responses to RFP 6(B) and 6(C) for work orders and proposals.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 26:**

To the extent not produced above, please identify all facts, witnesses and produce any and all documents that you possess, control or have access to which supports the allegations in the Petition that State Farm's conduct violated LSA-RS 22:1892 and 22:1973.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 26:**

Plaintiff objects to this Interrogatory as it is premature. Plaintiff has attached all documents currently in her possession. Plaintiff reserves her right to supplement and/or amend her answer to this Interrogatory and Request for Production at any time prior to trial or as ordered by the Court.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 27:**

To the extent not produced above, please identify all facts and witnesses and produce any and all documents that you possess, control or have access to which support your claim for consequential and/or any other damages asserted under LSA-RS 22:1892 and 22:1973.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 27:**

Plaintiff objects to this Interrogatory as it is premature. Plaintiff has attached all documents currently in her possession. Plaintiff reserves her right to supplement and/or amend her answer to this Interrogatory and Request for Production of Documents at any time prior to trial or as ordered by the Court.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 28:**

To the extent not produced above, please identify everyone who conducted, participated or in any way performed any activity related to the repair, renovation and/or improvement in the Building. Please produce all documents that you possess, control or have access to which support

your answer to this Interrogatory and Request, including any and all documents that were electronically written or stored.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 28:**

N/A.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 29:**

To the extent not produced above, identify any and all contractors and/or roofers – by name, address, and telephone number – who installed the current roof on the Building; when the current roof was installed; what type of roof is currently installed; what materials the current roof consists of; and whether the current roof is warranted and by whom. Please produce all documents that you possess, control or have access to which support your answer to this Interrogatory and Request, including any and all documents that were electronically written or stored.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 29:**

N/A

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 30:**

To the extent not produced above, identify any and all other individuals – by name, address, and telephone number – who used the contractor and/or roofer identified in Interrogatory and Request for Production No. 29 and the type of roof those individuals had installed by said contractor and/or roofer. Please produce all documents that you possess, control or have access to which support your answer to this Interrogatory and Request, including any and all documents that were electronically written or stored.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 30:**

Plaintiff is not in possession of the requested information.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 31:**

To the extent **not produced above**, identify any and all individuals – by name, address, and telephone number – who conducted roof inspections as a result of the Storm, the results of said inspections, whether said inspections resulted in a new roof for any individuals and identify – by name, address, and telephone number – who received a new roof. Please produce all documents that you possess, control or have access to which support your answer to this Interrogatory and Request, including any and all documents that were electronically written or stored.

**ANSWER TO INTERROGATORY AND REQUEST FOR PRODUCTION NO. 31:**

N/A

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 32:**

Please execute and produce the attached Affidavit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Please see attached Response to RFP No. 32.

**REQUEST FOR PRODUCTION NO. 33:**

To the extent **not produced above**, please produce any and all electronic communications, documents, reports, correspondence, agreements, and/or invoices generated regarding any real estate agent, home inspector, engineer and/or title company, engineer, plumber, electrician, contractor, remediation enterprise, subcontractor and/or repairer that you (or anyone on your behalf) have communicated with regarding the condition, sale, purchase or potential sale, refinance and/or purchase of the Building, at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

N/A.  Please see responses above and attachments.

**REQUEST FOR PRODUCTION NO. 34:**

To the extent **not produced above**, please identify and produce a certified copy of any written and/or electronically stored information that you possess, control or have access to regarding the Building and the allegations contained in the Complaint, including but not limited to the following:

1. All estimates;
2. Bid proposals, whether submitted, rejected and/or accepted;
3. Signed contracts;
4. All invoices to and from vendors and documentation of payment;
5. All invoices to or from subcontractors and documentation of payment;
6. All invoices to or from material men and documentation of payment;
7. All invoices to or from laborers and documentation of payment;
8. All draw requests from any financial institution and documentation of payment;
9. All draw requests to or from any contractor or subcontractor and documentation of payment;
10. Any and all other written and/or electronically stored information regarding any allegation contained in the Complaint, not previously identified above, which in any way relates to the repair, maintenance and/or improvement performed and/or contemplated to be performed at the Building.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

N/A

**Plaintiff reserves her right to supplement and/or amend her answers/responses to any of these Interrogatories or Requests for Production of Documents at any time prior to trial or as ordered by the Court.**

Respectfully submitted,                              Respectfully Submitted,

DEJEAN & NOLAND LAW OFFICE, LLC

/s/ Erik R. Noland                                   /s/ J. Christopher Erny
Erik R. Noland (#37245)                              J. Christopher Erny
Felix "Andy" DeJean IV (#25028)                      La. Bar #23059
604 St Ferdinand St.                                 302 School St.
Baton Rouge, LA 70802                                Houma, LA 70360
(225) 344-2639 – Telephone                           985-580-4573
(225) 346-5252 – Facsimile                           jce@jcelaw.com
erik@dejeannoland.com
andy@dejeannoland.com

                      *Attorneys for Peggy Chaisson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2022, a copy of the above and foregoing

was served on all counsel of record via email as follows:

    cgensler@derouenlaw.com
    pderouen@derouenlaw.com
    cprimeaux@derouenlaw.com

                      /s/ Erik R. Noland
                            Erik R. Noland